IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :
                                :
        v.                      :   CRIMINAL NO. 01-cr-00738-JF-1
                                :
ANTHONY THOMAS                  :


MEMORANDUM


Fullam, Sr. J.                                      April 13, 2011


        The defendant, Anthony Thomas, proceeding *pro se*, has

filed a "petition for writ of *audita querela*."  Although it

appears that there were errors with his conviction and sentence, I

am not empowered to grant relief.

        On July 22, 2002, Mr. Thomas pled guilty before another

judge of this Court, now retired, to charges of conspiracy to

commit bank robbery and bank robbery by use of a dangerous weapon.

The facts of the robbery, as developed at the plea hearing, are

that on November 8, 2001, Mr. Thomas used false identification to

enter First Keystone Bank in Brookhaven, Pennsylvania, jumped on

the back of the bank manager, and sprayed the manager with mace

before fleeing with more than $100,000 in cash.  Mr. Thomas was

sentenced to a term of 210 months' imprisonment on the charge of

bank robbery by use of a dangerous weapon.

        Mr. Thomas did not file a direct appeal; instead, on

December 18, 2003, Mr. Thomas filed a *pro-se* motion to Vacate/Set

Aside/Correct Sentence pursuant to 28 U.S.C. § 2255, arguing that his trial counsel was ineffective for failing to obtain Mr. Thomas's mental health records to present at sentencing.  His amended § 2255 petition included a claim that the sentencing judge had unconstitutionally "enhanced" his sentence in violation of the Supreme Court's holding in United States v. Booker, 543 U.S. 220 (1995).  On February 27, 2007, the sentencing judge denied Mr. Thomas's § 2255 petition and declined to issue a certificate of appealability.  Mr. Thomas appealed, and the Third Circuit denied his request for a certificate of appealability.

On January 9, 2009, Mr. Thomas filed a *pro-se* motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), arguing that his sentence was incorrectly calculated.  Because only the Bureau of Prisons can bring a § 3582(c)(1)(A)(i) motion, that motion was denied on May 19, 2009.  On October 16, 2009, Mr. Thomas then filed a petition for writ of *audita querela* pursuant to the All Writs Act, 28 U.S.C. § 1651, arguing for the first time that his conviction and sentence on the charge of bank robbery with a dangerous weapon should be vacated based on his actual innocence.  The case was reassigned to my docket.

After reviewing the record, it appears that although the government agreed at sentencing that mace was not a dangerous weapon, Mr. Thomas nevertheless pled guilty to the charge of bank robbery with a dangerous weapon, a charge for which there seems to

have been an inadequate factual basis. Indeed, the Third Circuit had ruled in <u>United States v. Harris</u>, 44 F.3d 1206, 1215-16 (3d Cir. 1995), that mace did not qualify as a dangerous weapon. Unlike Mr. Thomas, his co-defendants were permitted to withdraw their guilty pleas to the charge of bank robbery with a dangerous weapon, and upon pleading guilty to bank robbery, had the weapon charges dismissed. The record does not reveal why Mr. Thomas was not afforded this same opportunity. Furthermore, the government has acknowledged that Mr. Thomas was sentenced based on a sentencing guidelines range that was higher than it would have been had Mr. Thomas pled guilty to bank robbery rather than armed robbery. Based on these facts, I am persuaded that a miscarriage of justice has occurred.

Unfortunately, Mr. Thomas cannot obtain the relief he seeks through a petition for writ of *audita querela*. The writ of *audita querela* was historically used by judgment debtors to obtain "relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment." <u>Massey v. United States</u>, 581 F.3d 172, 174 (3d Cir. 2009). Today, the writ is only available in the criminal context "to the extent that it fills in gaps in the current system of post-conviction relief." <u>Id.</u> Because § 2255 covers motions to vacate a federal sentence or conviction, the writ of *audita querela* is not available under the present circumstances. Mr. Thomas has already

3

sought relief pursuant to § 2255 and been denied.  This petition, although it raises new arguments, must be construed as a successive petition for habeas relief filed without leave of the Court of Appeals in violation of 28 U.S.C. § 2244(b)(3)(A).  Thus, although I am sympathetic to Mr. Thomas's situation, I do not have the authority to grant him relief.  The petition for writ of *audita querela* will be denied.

An order will be entered.

BY THE COURT:


/s/ John P. Fullam
John P. Fullam, Sr. J.